UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONAL VANCE WARSINGER, ) | 1:09-cv-00565 AWI MJS HC |
| Petitioner, ) | ORDER DENYING PETITIONER'S MOTION TO STAY |
| v. ) | |
| JOHN MARSHALL, ) | ORDER GRANTING PETITIONER'S MOTION TO AMEND PLEADINGS |
| Respondent. ) | [Doc. 19] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 9, 2010, Petitioner filed a motion to stay the present federal petition to allow Petitioner time to exhaust his claims before the state courts. (Mot. to Stay and Amend, ECF No. 19.) In the same motion, Petitioner requested leave to amend his petition. (Id.)

**I.    MOTION TO STAY THE PROCEEDINGS TO EXHAUST STATE CLAIMS**

As discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances because the procedure frustrates AEDPA's[1] objective of encouraging finality and streamlining federal habeas proceedings. Rhines v. Weber, 544 U.S. 269, 277

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

(2005).

> A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

Rhines, 544 U.S. at 277-78.

Nearly a year and a half has passed since Petitioner filed the present petition with this Court. Petitioner has had ample time to present any unexhausted claims to the state courts. Granting a stay at this point would only frustrate AEDPA's objective of encouraging finality and undermine the goal of streamlining federal habeas proceedings. In addition, allowing this case to remain pending would interfere with the Court's need to manage its docket. While the public policy favors disposition of cases on their merits, Petitioner has had adequate opportunity to exhaust his claims during the pendency of this action. Even if this action is dismissed, he may still attempt to exhaust his unexhausted claims in state court. Accordingly, Petitioner's motion to stay the proceeding is denied.

## II.      MOTION TO AMEND THE PETITION

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Petitioner may amend as a matter of course up to 21 days after a responsive pleading or motion is filed. Respondent has yet to file a response. Accordingly, Petitioner's motion to file an amended petition is granted. Petitioner shall file a first amended petition within thirty (30) days of the date of service of this order.

///

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's request for leave to stay the proceeding to exhaust state remedies is DENIED.

2. Petitioner's motion to file an amended petition is GRANTED. Petitioner shall have thirty (30) days from the date of service of this order to file a first amended petition.

IT IS SO ORDERED.

Dated:  September 14, 2010            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE