UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONAL VANCE WARSINGER, | 1:09-cv-00565 AWI MJS HC |
| Petitioner, | ORDER GRANTING LEAVE TO AMEND TO FILE SUPPLEMENTAL PETITION AND DIRECTING CLERK OF COURT TO SEND BLANK § 2254 FORM PETITION |
| v. | |
| JOHN MARSHALL, Warden, | [Doc. 22] |
| Respondent. | |

Petitioner is a California state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 1, 2009. (Pet., ECF No. 1.) On September 15, 2010, this Court denied Petitioner's motion to stay the proceedings and granted Petitioner's motion to amend his pleadings. (Order, ECF No. 21.) Petitioner was granted thirty (30) days from the date of service of the order to file a first amended petition. (Id.) On October 6, 2010 Petitioner filed a motion to amend the petition. (Mot. to Amend, ECF No. 22.) However, it is unclear if the motion to amend is intended to serve as Petitioner's first amended petition as (1) Petitioner has already been granted the right to amend his petition, and (2) Petitioner has included significant information regarding underlying claims in the motion to amend. The original petition was filed using the Section 2254 form petition, whereas the information contained with the motion to amend was not. (Mot. to Amend.)

Rule 2 of the "Rules Governing Section 2254 Cases" provides that the petition "... must specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested..."  Rule 2 of the Rules Governing  2254 Cases.  Rule 2 further provides that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge." Id. at 2(c).

In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2255 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

Petitioner is advised that an amended petition supercedes the original petition, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Accordingly, Petitioner's last filed amended petition must contain all the claims Petitioner wishes to present before the Court. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)). The Court will grant Petitioner leave to determine the pleadings and exhibits he wishes to include in the instant petition.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a SECOND AMENDED PETITION.  The amended petition should be clearly and boldly titled "SECOND AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   October 25, 2010            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE