UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONAL VANCE WARSINGER, | ) | 1:09-cv-00565 AWI MJS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| GARY SWARTHOUT, Warden | ) | (Doc. 30) |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent[1] is represented in this action by Brook Bennigson, Esq., of the Office of the Attorney General for the State of California.

**I.   BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon being

---

[1] Respondent has notified the Court that Gary Swarthout serves as the current warden of California State Prison - Solano. The Court shall substitute Mr. Swarthout as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

convicted by a jury of assault with a deadly weapon. (See LD No. 1.[2]) On December 9, 2004, Petitioner was sentenced to serve an indeterminate term of thirty-eight years in prison based on California three strikes law and various enhancements. (Id.) Petitioner appealed, and on April 21, 2006, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD No. 2.) The California Supreme Court denied review on June 28, 2006. (LD Nos. 3-4.)

Starting in December 2007, Petitioner filed three post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

 1. Fresno County Superior Court
    Filed: December 12, 2007[3];
    Denied: January 3, 2008;

 2. California Court of Appeals, Fifth Appellate District
    Filed: February 19, 2008[4];
    Denied: March 6, 2008;

 3. California Supreme Court
    Filed: April 3, 2008[5];
    Denied: October 22, 2008;

See LD Nos. 5-10.

On January 28, 2009[6], Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On March 28, 2011, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period and for failure to exhaust state remedies.

---

[2] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

[3] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on December 14, 2007, under the mailbox rule the Court will consider the petition filed on December 12, 2007, the date Petitioner signed the petition.

[4] Although the petition was filed on February 26, 2008, under the mailbox rule the Court will consider the petition filed on February, 19, 2008, the date Petitioner signed the petition.

[5] Although the petition was filed on April 7, 2008, under the mailbox rule the Court will consider the petition filed on April 3, 2008, the date Petitioner signed the petition.

[6] Although the petition was filed on March 6, 2009, under the mailbox rule the Court will consider the petition filed on January 28, 2009, the date Petitioner signed the petition.

28 U.S.C. § 2244(b), (d). Petitioner did not file an opposition to the motion to dismiss.

## II.    DISCUSSION

### A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period and failure to exhaust state remedies. 28 U.S.C. § 2244(b), (d)(1). Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on January 28, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on

petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on June 28, 2006. The state appeal process became final ninety days later, on September 26, 2006, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on September 27, 2006. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from September 26, 2006, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until January 28, 2009, over a year after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no showing that

the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that the petition is not barred by the statute of limitations.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on September 26, 2006. Accordingly, without tolling, Petitioner had until September 26, 2007 to file his federal petition. However, Petitioner filed his first state habeas petition on December 12, 2007, with the Fresno County Superior Court. At that point, the limitations period had elapsed. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). None of Petitioner's state filings serve to toll the statute of limitations period.

Accordingly, the limitations period began on September 26, 2006 and expired one year later on September 26, 2007. The present petition was filed on January 28, 2009, over a year after the expiration of the year statute of limitations period. Accordingly, the instant federal

petition is untimely.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62(2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any basis for which his petition would be equitably tolled.

### E. Exhaustion of State Remedies

Respondent asserts that Petitioner failed to exhaust his state remedies. As the instant petition is untimely, the Court need not address if Petitioner properly exhausted his state remedies.

## III. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory or equitable tolling. Based on the foregoing, the Court recommends that Respondent's motion to dismiss be granted.

## IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   Replies to the Objections shall be served and filed within fourteen (14)

1  days after service of the Objections. The Finding and Recommendation will then be submitted
2  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
3  (b)(1)(c). The parties are advised that failure to file objections within the specified time may
4  waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
5  Cir. 1991).

9  IT IS SO ORDERED.
10 Dated:   May 18, 2011                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE